

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. WILLIAMS,　　　　　　　　） | |
| 　　　　　　Plaintiff(s),　　　　　） | No. C 11-1721 CRB (PR) |
| vs.　　　　　　　　　　　　　） | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| CITY OF HAYWARD, et al.,　　　　　） | |
| 　　　　　　Defendant(s).　　　　） | (Docket # 6) |
| ————————————————————） | |

　　　　While plaintiff was detained at the Santa Clara County Jail, he filed a pro se complaint under 42 U.S.C. § 1983 alleging two unlawful investigatory stops by Hayward Police officers.  Plaintiff seeks damages and leave to proceed in forma pauperis.

　　　　Based solely on his affidavit of poverty, plaintiff's motion for leave to proceed in forma pauperis (docket # 6) is GRANTED.

**DISCUSSION**

A.　　Standard of Review

　　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

2    elements: (1) that a right secured by the Constitution or laws of the United States

3    was violated, and (2) that the alleged violation was committed by a person acting

4    under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

5    B.    Legal Claims

6        A police officer may seize a citizen for a brief investigatory stop if the

7    officer "has reason to believe that he is dealing with an armed and dangerous

8    individual, regardless of whether he has probable cause to arrest the individual

9    for a crime." Terry v. Ohio, 392 U.S. 1, 27 (1968).  And in addition to preventing

10   ongoing or imminent crime, police may effectuate a Terry stop "if they have a

11   reasonable suspicion grounded in specific and articulable facts, that a person they

12   encounter was involved in or is wanted in connection with a completed felony."

13   United States v. Hensley, 469 U.S. 221, 229 (1985).  Unlike an arrest, which

14   must be supported by probable cause, Terry stops are constitutionally permissible

15   if the officer has a "reasonable suspicion" that the person detained is engaged in

16   criminal activity.  Bingham v. Schreiber, 341 F.3d 939, 946-47 (9th Cir. 2003).

17       Liberally construed, plaintiff's allegations of investigatory stops without

18   justification appear to state a cognizable § 1983 claim for violation of the Fourth

19   Amendment.  But in order to proceed with a § 1983 claim for damages, plaintiff

20   must name individual police officers and link them to his allegations of

21   wrongdoing.  It is not enough to name the City of Hayward and the police

22   department because it is well established that a city or county may not be held

23   vicariously liable for the unconstitutional acts of its employees under the theory

24   of respondeat superior.  See Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520

25   U.S. 397, 403 (1997).  To impose municipal liability under § 1983 for a violation

26   of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a

27

28                                        2

constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff's allegations of wrongful towing and the like are dismissed without leave to amend because, although regrettable, they amount to no more than negligence not cognizable under § 1983.  See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (liability for negligently inflicted harm is categorically beneath threshold of constitutional due process).  So are his allegations of harassment.  See Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981) (mere harassment not cognizable under § 1983).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: Aug. 9, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Williams, R1.dwlta.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ROBERT L. WILLIAMS,

          Plaintiff,

   v.

HAYWARD CITY OF, et al,

          Defendanst.

_____/

Case Number: CV11-01721 CRB

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Robert L. Williams
P.O. Box 4094
Hayward, CA 94540

Dated: August 11, 2011

          Richard W. Wieking, Clerk

          By: Barbara Espinoza, Deputy Clerk